# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAUL WANTON,

    Plaintiff,

  v.                                                                                          No. 16-CV-01136-MCA-SCY

TROY WAYNE PRICHARD, RAUL A.
LOPEZ, FNU LNU, *all other officers of
the Court*,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Raul Wanton's Prisoner's Civil Rights Complaint, filed on October 11, 2016. [Doc. 1] Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's complaint will be dismissed without prejudice as frivolous, a strike will be assessed under 28 U.S.C. § 1915(g), and judgment will be entered.

On October 11, 2016, Plaintiff filed a Prisoner Civil Rights Complaint against Defendants Troy Wayne Prichard, Raul A. Lopez, and "all other officers of the Court." [Doc. 1 at 1] Plaintiff's complaint alleges that Defendants Prichard and Lopez, attorneys who represented Plaintiff during his state criminal proceedings, rendered ineffective assistance of counsel, colluded with the District Attorney, and misled Plaintiff into signing a plea agreement. Plaintiff's complaint seeks monetary damages, immediate release from custody, the disbarment of Defendants Prichard and Lopez, and the imposition of criminal charges against them. [Doc. 1 at 5]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." § 1915(e)(2). Additionally, the Court has an obligation under § 1915A to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se

litigant." *Id.*

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that public defenders and court-appointed attorneys do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Smith v. Freestone*, 188 F.3d 519, 1999 WL 510524, at *2 (10th Cir. July 20, 1999) (unpublished table decision). However, public defenders or court-appointed attorneys do act under color of state law when they are "engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). The United States Court of Appeals for the Tenth Circuit has held that "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). "The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit. . . ." *Id.*

Although Plaintiff's complaint alleges, in a conclusory fashion, that Defendants Prichard and Lopez were in "collusion with [the] D.A." and "conspired to make defendant sign plea agreement," [Doc. 1 at 1, 4] it fails to allege any facts tending to show agreement or concerted action. *See Dunn v. Harper County*, 520 F. App'x 723, 726 (10th Cir. 2013) (holding that a plaintiff's "baseless assertions that his defense attorney conspired with court personnel and prosecutors to deprive him of his constitutional rights . . . do not pass muster under *Iqbal*")

3

(unpublished). Because Plaintiff's conclusory allegations regarding the existence of a conspiracy are insufficient, the Court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) against Defendants Prichard and Lopez.

Furthermore, the Court notes that it lacks the authority to disbar Defendants Prichard and Lopez from the practice of law or to initiate criminal proceedings against them. First, attorney discipline in the State of New Mexico is within the exclusive jurisdiction of the Supreme Court of New Mexico and the Disciplinary Board of the Supreme Court of New Mexico. *See In re Treinen*, 131 P.3d 1282, 1284 (N.M. 2006) (noting that the Supreme Court "has the sole authority to direct what constitutes grounds for the discipline of lawyers") (per curiam); NMRA 17-101 ("Any attorney admitted to practice law in this state . . . is subject to the exclusive disciplinary jurisdiction of the Supreme Court and the Disciplinary Board"). Second, the decision to prosecute an alleged crime and what charges to file or bring "generally rest in the prosecutor's discretion," *United States v. Batchelder*, 442 U.S. 114, 124 (1979), and the prosecutor's decision is not subject to judicial review, *Massey v. Smith*, 555 F.2d 1355, 1356-57 (8th Cir. 1977).

Plaintiff's complaint also names "all other officers of the court" as defendants. It is unclear to which officers of the court Plaintiff's complaint refers, but the Court notes that the judges, prosecutors, and judicial staff involved in Plaintiff's state criminal proceeding are entitled to absolute immunity from suit. *See Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978) (holding that judges are absolutely immune from suit when acting in their official judicial capacity); *Imbler v. Pachtman*, 424 U.S. 409, 424-29 (1976) (holding that prosecutors are absolutely immune from suit for initiating and prosecuting a criminal action); *Valdez v. City and*

*County of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989) (holding that "court officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty"). Therefore, to the extent that Plaintiff's complaint includes § 1983 claims against the judges, prosecutors, and judicial staff involved in his state criminal case, his claims must be dismissed as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Moreover, Plaintiff's § 1983 claims against Defendants Prichard, Lopez, and "all other officers of the Court" are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would; the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted; emphasis in original). Plaintiff § 1983 claims necessarily imply the invalidity of his conviction and sentence, but Plaintiff has failed to allege that his conviction and sentence have been invalidated on direct appeal, by executive order, or by a state or federal tribunal. Therefore, Plaintiff's § 1983 claims will be dismissed without prejudice as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1). *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice" because if the plaintiff "is later successful in overturning his conviction, he

should be allowed to bring his § 1983 action at that time").

To the extent that Plaintiff seeks the "immediate termination of [his] sentence" [Doc. 1 at 5] and release from custody, the Court notes that this relief is unavailable in a § 1983 proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that "a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus."). If Plaintiff wishes to challenge the validity of his state criminal conviction or sentence, he must do so by filing a writ of habeas corpus.

For the foregoing reasons, Plaintiff's Prisoner's Civil Rights Complaint will be dismissed as frivolous under §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The dismissal of Plaintiff's Prisoner's Civil Rights Complaint counts as a strike under the Prison Litigation Reform Act (PLRA) 28 U.S.C. § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that the dismissal of an action as frivolous, malicious, or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A counts as a strike under § 1915(g)). This is Plaintiff's second strike under the PLRA, since Plaintiff's Prisoner's Civil Rights Complaint in *Wanton v. New Mexico Department of Corrections, et al*., 16-CV001058-JCH-GJF, Docs. 10, 11 (D.N.M. January 24, 2017) was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. The Court notifies Plaintiff that, if he accrues a third strike under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IT IS THEREFORE ORDERED that Plaintiff's Prisoner's Civil Rights Complaint [Doc.

1] is DISMISSED without prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); a STRIKE is assessed under § 1915(g); and judgment will be entered.

                                                                                              _____
CHIEF UNITED STATES DISTRICT JUDGE